# In The United States District Court for the Northern District of Georgia

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 16 2023

KEVIN P. WEIMER, Clerk
By: Kimberly  Deputy Clerk

| | |
|---|---|
| THE EXCELLENT THE EXCELLENT RAJ K. PATEL, from all capacities, *Plaintiff* <br><br> v. <br><br> THE UNITED PARCEL SERVICE, INC. ("UPS"), <br><br> *Defendant* | No. 1:22-cv-04169-MLB <br><br> Dated: February 15, 2023 <br><br> JURY TRIAL DEMANDED |

### *PRO SE* MOTION TO RULE
### WITH NOTICE OF INTENT TO PROSECUTE

I, T.E., T.E Mr. Raj K. Patel (*pro se*) (approved *IFP*), from the basis of the United States, respectfully move this United States District Court for the Northern District of Georgia, based on § 1332 diversity of citizenship jurisdiction, move this court to begin the service of summons and the complaint of the case-at-hand which was filed over four (4) months ago on October 17, 2022.  Fed. R. Civ. P. 8(e).  In addition, Plaintiff has an affirmative defense of license (privilege of contract with Defendant) to enter these court.  U.S. const. art. IV, § 2 & amend. V.  Fed. R. Civ. P. 8(c)(1) & 42 U.S.C. § 1981.  https://constitution.congress.gov/browse/essay/artIII-S2-C1-11-6/ALDE_00013331/['contract']; https://constitution.congress.gov/browse/essay/artIII-S2-C1-16-6/ALDE_00013246/['contract']; and https://constitution.congress.gov/browse/essay/artIII-S2-C1-6-3/ALDE_00012994/['contract'].  Subject-matter jurisdiction is not waivable, including by the court.  E. Trans-Waste of Maryland, Inc. v. Dist. of Columbia, No.

1

05-CV-0032-PLF * 3 (D.D.C. Jan. 23, 2006) (citing Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976)).

"As the Court unanimously held in Haines v. Kerner, 404 U.S. 519 (1972), a *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears ''beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (cleaned up).

"It is an abuse of discretion to dismiss for lack of subject matter jurisdiction without giving plaintiff reasonable opportunity, if requested, to conduct discovery for this purpose." Crist v. Republic of Turkey, 995 F. Supp. 5, 12 (D.D.C. 1998). Fed. R. Civ. P. 8(e). U.S. const. amend. V. See also 42 U.S.C. § 2000bb-3(a) (creation of duties for the judiciary). Clear notice of intent to prosecute was issued by filing the complaint along with the summons and requests for notice by clerk. Dkt. 1-5. See also e.g., United States v. Tsarnaev, 142 S. Ct. 1024, 1045 (2022).

"The government of the Union, then,...is, emphatically, and truly, a government of the people. In form and in substance it emanates from them. Its powers are granted by them, and are to be exercised directly on them, and for their benefit." U.S. Term Limits, Inc. v. Thornton, 514 U.S. 779, 840 (1995).

The complaint is also on a substantial colorable federal question under § 1331 because the Defendant is used fighting words, not protected intentionally intimidating speech, after having reasonable notice of and against Plaintiff's protected speech, under the First Amendment as incorporated. U.S. const. amends. I & XIV. See https://constitution.congress.gov/browse/essay/amdt1-7-5-4/ALDE_00013805/ and https://consti-

tution.congress.gov/browse/essay/amdt1-7-5-5/ALDE_00013806/. https://en.wikipedia.org/wiki/Fighting_words (citing Texas v. Johnson, 491 U.S. 397, 398, 409, 430-32 (1989) redefined the scope of fighting words to "a direct personal insult or an invitation to exchange fisticuffs" in juxtapose to flag burning as symbolic speech. In R.A.V. v. City of St. Paul, 505 U.S. 377 (1992) and Virginia v. Black, 538 U.S. 343, 123 S. Ct. 1536 (2003), the Court held that cross burning is not 'fighting words' without intent to intimidate.). https://constitution.congress.gov/browse/essay/artIV-S2-C1-11/ALDE_00013787/ (Chambers v. Balt. & Ohio R.R., 207 U.S. 142, 148 (1907); McKnett v. St. Louis & S.F. Ry., 292 U.S. 230, 233 (1934); see also Christopher v. Harbury, 536 U.S. 403, 415 n. 12 (2002) (noting that the Supreme Court has at various times grounded the right of access to courts in the Privileges and Immunities Clause, the First Amendment, the Fifth Amendment, and the Fourteenth Amendment); https://constitution.congress.gov/browse/essay/amdt1-10-1/ALDE_00000407/; and https://constitution.congress.gov/browse/essay/amdt1-10-2/ALDE_00000223/. See e.g., Ind. const. art. I, § 12. https://www.law.cornell.edu/wex/fighting_words. I have clearly and convincingly argued that immunity does not apply in favor of UPS, and Appellee's Brief and FAAAA are clearly baseless and factually frivolous and wholly irrational. See Compl. Ind. Code § 34-47-3-1; I.C. § 34-47-2-1; I.C. § 34-47-4-1; & I.C. § 34-47-3-1. Privileges and/or Immunities Cl., U.S. const. art. IV, § 2 & amend. XIV, § 1, cl. 2. https://constitution.congress.gov/browse/article-4/. Ohio const. art. I, §§ 1, 16, & 20.

"Federal courts have a 'virtually unflagging obligation...to exercise the jurisdiction given them.'" E. Trans-Waste of Maryland, Inc., No. 05-CV-0032-PLF at * 3 (D.D.C. Jan. 23, 2006) (citing Colo. River Water Conservation Dist., 424 U.S. at 817). See also McLaughlin v. Merit Sys. Prot. Bd., No. 2019-1997 * 9 (Fed. Cir. Mar. 23, 2021) ("A non-frivolous allegation of jurisdiction is an allegation of fact which, if proven, could establish

a prima facie case that the [tribunal] has jurisdiction in the matter...When the contents of the complaint non-frivolously support jurisdiction, jurisdiction is established, and the matter devolves to determination of the merits of the complaint.").

Leaving the case lingering will be unconstitutionally prejudicial to the Plaintiff.

Personal jurisdiction over Defendant of this case containing unprotected speech as incorporated while using my protected speech of grievance and service of summons as incorporated and sound is proper through presence. U.S. const. amend. I & amend. XIV. https://www.law.cornell.edu/wex/petition. See generally Compl. (because written word "LOSE" is not protected speech, it is constructively transformed into *light rays*, violent, used to batter Plaintiff) (in other situations, constructively transformed into *soundwaves*).

Therefore, I move that this United States District Court for the Northern District of Georgia to proceedings of service of the summons and the complaint, discovery, and other matters.

Respectfully submitted,

/s/ Raj K. Patel
T.E., T.E. Raj K. Patel (*pro se*)
6850 East 21st Street
Indianapolis, IN 46219
Marion County
317-450-6651 (cell)
rajp2010@gmail.com
www.rajpatel.live

President/Student Body President, Student Gov't Ass'n of Emory U., Inc. 2013-2014 (corp. sovereign 2013-present)

4

- Student Body President, Brownsburg Cmty. Sch. Corp./President, Brownsburg High Sch. Student Gov't 2009-2010 (corp. sovereign 2009-present)
- Rep. from the Notre Dame L. Sch. Student B. Ass'n to the Ind. St. B. Ass'n 2017
- Deputy Regional Director, Young Democrats of Am.-High Sch. Caucus 2008-2009
- Co-Founder & Vice Chair, Ind. High Sch. Democrats 2009-2010
- Vice President of Fin. (Indep.), Oxford C. Republicans of Emory U., Inc. 2011-2012

Intern, Jill Long Thompson for Governor (2008)

Volunteer, Barack Obama for Am. (2008)

Intern, Marion Cnty. Clerk Elizabeth "Beth" White for Sec'y of St. of the St. of Ind. (2014)

Former J.D. Candidate, Notre Dame L. Sch.

## **CERTIFICATE OF SERVICE**

I certify that I served a copy of the foregoing *Pro Se* Motion to Rule and Notice of Prosecute on 2/15/2023 to below individuals via the Clerk of Court:

**United Parcel Service ("UPS")**
**c/o CSC of Cobb County**
192 Anderson Street SE, Suite 125
Marietta, GA, 30060

**The United Parcel Service**
**c/o Raymond Seach, Esq. [in the Ind.**
**Ct. App.]**
500 N. Meridian Street, Suite 550
Indianapolis, IN 46204
317--636-8000(W)
rseach@rbelaw.com

**The United Parcel Service**
**Allen Lightcap [in the Ga. St. Ct., Fulton Cnty.]**
Mayer & Harper, LLP
50 Hurt Plaza, Suite 1640
Atlanta, GA 30303
(p) 404-989-4445
(f) 404-832-8203
alightcap@mayerharper.com


Respectfully submitted,


/s/ Raj Patel
T.E., T.E. Raj K. Patel (*Pro Se*)
6850 East 21st Street
Indianapolis, IN 46219
317-450-6651 (cell)
rajp2010@gmail.com
www.rajpatel.live


Dated: February 15, 2023