## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Raj K. Patel,

                        Plaintiff,

                                      Case No. 1:22-cv-4169-MLB

v.

The United Parcel Service, Inc.,

                        Defendant.

_____/

### ORDER

Plaintiff Raj K. Patel filed an application for leave to proceed in forma pauperis (IFP) along with a complaint. (Dkt. 1.) Magistrate Judge Russell G. Vineyard granted Plaintiff IFP status and directed the Clerk to submit the matter to this Court for a frivolity determination under 28 U.S.C. § 1915(e)(2). (Dkt. 3.) Plaintiff then filed a *Pro Se* Motion to Rule With Notice of Intent to Prosecute." (Dkt. 5.) The Court finds that Plaintiff's complaint fails to establish subject matter jurisdiction and denies his "motion to rule" as moot.

## I.    Background

Plaintiff's claims are difficult to unravel.  It appears he claims Defendant improperly delivered documents he sent to a law firm related to litigation he filed against the University of Notre Dame.  (Dkt. 2 at 1–2, ¶¶ X–XXV.)  He also claims that Defendant: "accessorized [*sic*] or used the UPS signature delivery system to batter me with the light of the UPS in an insolent, rude, or angry manner" (Dkt. 2 at 10); that Defendant "abused the process that was being had on them in a legitimate legal proceeding before the United States Court of Appeals for the Seventh Circuit" (Dkt. 2 at 11); that he "honestly thought that this injury was going to get worse, such as maybe the computer was going to blank, explode, or even have a 'mixed reality' assault or battery carried over on [him]" (Dkt. 2 at 12); and that Defendant trespassed on his computer, property, and residence, invaded his privacy, "appropriated" his rights that he holds "per [his] political offices," took advantage of his "physical and induced mental impairment" and "attacked [his] hormones, which is a lot of what racism comes down to right now," among other virtually incoherent allegations sprinkled throughout his 29-page complaint. (Dkt. 2 at 13–28.)

## II.    Discussion

A federal court must dismiss an action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A court may dismiss a complaint for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A frivolity review also grants a court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also . . . claims whose factual contentions are clearly baseless." *Id.* at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33. A

finding of legal frivolousness is when the plaintiff asserts "a claim based on an indisputably meritless legal theory . . . [such as when] it is clear that the defendants are immune from suit." *Neitzke*, 490 U.S. at 327.

The Court recognizes Plaintiff is appearing pro se and so affords his complaint greater leniency. *See Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990) ("In the case of a *pro se* action, . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam))).  But this leniency neither excuses a party from complying with threshold requirements of the Federal Rules of Civil Procedure nor "permit[s] the district court to act as counsel for a party or to rewrite deficient pleadings." *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (per curiam).

Plaintiff brings a host of claims under "Indiana, Georgia, and Delaware" law.  (Dkt. 2 at 11.)  For each of his many counts, he also cites certain provisions of the United States Constitution.  While impossible to fully understand, he seems to take issue with Defendant's improperly delivering legal documents he sent to a law firm related to a case he brought in Indiana against Notre Dame.  It is not clear—even if Plaintiff's

4

claims were grounded in reality—that the Court would have subject matter jurisdiction over them.  While Plaintiff alleges that he is a citizen of Indiana and that Defendant is a citizen of Georgia, he does not allege an amount in controversy, and so cannot meet the requirements of 28 U.S.C. § 1332.  And he does not even explain what authority he relies on in challenging Defendant's purported violations of his constitutional rights, so he also has not established jurisdiction under 28 U.S.C. § 1331.

Even if he did, Plaintiff does not explain how Defendant's purported improper delivery of his documents is actionable under any of the various theories he presents.  First, it is not clear what he means by Defendant's alleged "battering" him with light, but in other parts of the complaint, he suggests various entities are battering him with "light rays."  (Dkt. 2 at 1.)  He offers no plausible allegations that Defendant battered him with light rays, causing him injury.  There are also no allegations that explain his claims that Defendant trespassed onto his computer, property, or residence, or that Defendant's conduct tortiously caused him emotional distress.  And it is not even clear what about Defendant's delivery of the documents was improper.

5

At bottom, "Plaintiff . . . has presented conclusory allegations that are clearly removed from reality and are frivolous." *Morris v. Bush*, 2008 WL 5231843, at *3 (N.D. Fla. Dec. 9, 2008). "No Defendant should be put to the expense of answering such a complaint[.]" *Id.*[1]

## III.  Conclusion

The Court **DISMISSES** Plaintiff's Complaint (Dkt. 2).[2]  The Court **DENIES AS MOOT** Plaintiff's "*Pro Se* Motion to Rule With Notice of Intent to Prosecute" (Dkt. 5).

**SO ORDERED** this 24th day of April, 2023.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Plaintiff seems to be under a filing restriction imposed by the United States District Court for the Southern District of Indiana.  (Dkt. 2 ¶ XIV.)  The Court cautions Plaintiff that it will not hesitate to impose a similar restriction should he continue to submit filings that have no basis in reality and are harassing to the Court.

[2] If the complaint were only frivolous because of a failure to state a claim, the Court would give Plaintiff an opportunity to amend.  But because the complaint does not come close to demonstrating subject matter jurisdiction, the Court dismisses the case without prejudice.