# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 24, 2023

Raj Patel
6850 E 21ST ST
INDIANAPOLIS, IN 46219

Appeal Number: 23-10758-A
Case Style: In re: Raj Patel
District Court Docket No: 1:22-cv-04169-MLB

Enclosed is the court's order denying your motion for leave to proceed in forma pauperis in this matter. Within 14 days of the date of this letter, you must pay to this court the docketing fee required by 28 U.S.C. § 1913 and FRAP 21. The fee schedule may be found at https://www.ca11.uscourts.gov/fee-schedules. Failure to pay the fee within 14 days of the date of this letter will result in this matter being dismissed. *See* 11th Cir. R. 42-1(b).

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| New / Before Briefing Cases: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| Cases in Briefing / After Opinion: | 404-335-6130 | CM/ECF Help Desk: | 404-335-6125 |
| Cases Set for Oral Argument: | 404-335-6141 | | |

PRO-6 Ltr Order Denying IFP Mandamus

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 23-10758-A

In re: RAJ PATEL,

                                                     Petitioner.

On Petition for Writ of Mandamus from the United States District Court for the Northern District of Georgia

ORDER:

    Raj Patel, proceeding *pro se*, petitions this Court for a writ of mandamus arising out of his civil action currently pending in the U.S. District Court for the Northern District of Georgia. He also seeks leave to proceed *in forma pauperis* ("IFP") as to his mandamus petition. In his mandamus petition, Patel appears to assert that the district court has unreasonably delayed completing its frivolity review under 28 U.S.C. § 1915(e)(2) as to his civil complaint, even though he has moved the court to rule on his case. He asks this Court to order the district court to make its frivolity determination so that his case may proceed.

    Patel seeks to file this mandamus petition IFP pursuant to 28 U.S.C. § 1915(a). Section 1915(a) provides that a United States court may authorize the commencement of any proceeding, without prepayment of fees, by a person who submits an affidavit that includes a statement of assets that he possesses and indicates that he is unable to pay such fees. However, this Court may dismiss an action at any time if it determines that the allegation of poverty is untrue, or the action or appeal is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). In this case, assuming that Patel satisfies

§ 1915(a)'s poverty requirement, his IFP motion is nevertheless due to be denied, as his mandamus petition is frivolous.

Mandamus is available "only in drastic situations, when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion." *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1004 (11th Cir. 1997) (quotation marks omitted). Mandamus may be used to direct a district court to decide a pending case when there has been unreasonable delay in rendering a decision. *See Johnson v. Rogers*, 917 F.2d 1283, 1284 (10th Cir. 1990) (persuasive authority holding that a 14-month delay in ruling on a 28 U.S.C. § 2241 petition for no reason other than docket congestion was impermissible).

In this case, Patel's mandamus petition is frivolous because he has not shown that the district court unreasonably delayed conducting its frivolity review under § 1915(e)(2). *See* 28 U.S.C. § 1915(e)(2)(B)(i); *Johnson*, 917 F.2d at 1284. At the time that Patel filed the instant mandamus petition, fewer than five months had elapsed since his civil case had been assigned to a district court judge for a frivolity determination and less than one month had elapsed since he had moved the district court to rule on his case. These circumstances do not show any unreasonable delay by the district court in conducting a § 1915(e)(2) frivolity determination. *See Johnson*, 917 F.2d at 1284.

Accordingly, Patel's IFP motion is **DENIED**, as his mandamus petition is frivolous.

/s/ Kevin C. Newsom
UNITED STATES CIRCUIT JUDGE